IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Queen's University at Kingston and PARTEQ Research and Development Innovations, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:14-cv-53 |
| | § § | AMENDED COMPLAINT FOR |
| Samsung Electronics Co., Ltd. and Samsung Telecommunications America, LLC, | § § § | PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL |
| Defendants. | § § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Queen's University at Kingston and PARTEQ Research and Development Innovations (collectively, "Plaintiffs") file this Original Complaint against Samsung Electronics Co., Ltd. and Samsung Telecommunications America, LLC for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**Parties**

1.     Plaintiff Queen's University at Kingston ("Queen's University") is a public research university with its principal place of business located at 99 University Avenue, Kingston, Ontario, Canada K7L 3N6.  Queen's University was established by Imperial Royal Charter on October 16, 1841, which Charter was continued into the confederation period by section 129 of the BNA Act of 1867.  Queen's University is, accordingly, a corporate body created under the royal prerogative by Royal Charter and is a common law corporation.  It is the owner of U.S. Patents Nos. 7,762,665; 8,096,660; 8,322,856; and 8,672,482 (the "Patents-in-

1

AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL

SUSMAN GODFREY LLP
560 LEXINGTON AVENUE, .15TH
NEW YORK, NEW YORK 10022-6828
TEL. (212) 336-8330

3105027v1/013771

Suit").

2.      Plaintiff PARTEQ Research and Development Innovations ("PARTEQ") is a not-for-profit organization organized and existing under the laws of Ontario, Canada, with its principal place of business located at 1625 Biosciences Complex, Queen's University, Kingston, Ontario, Canada K7L 3N6.  PARTEQ is the exclusive licensee of the Patents-in-Suit.

3.      On information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation organized and existing under the laws of the Republic of Korea and has its principal place of business at 1320-10, Seocho 2-dong, Seocho-gu, Seoul 137 – 857, Republic of Korea.  On information and belief, Defendant Samsung Telecommunications America, LLC ("STA") is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 1301 E. Lookout Dr., Richardson, TX 75082-4124.

4.      SEC and STA are referred to collectively herein as "Samsung."

**Jurisdiction and Venue**

5.      This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Venue is proper in this Federal Court pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).  Defendant Samsung Telecommunications America, LLC resides in this district, a substantial part of the events giving rise to the claims occurred in this district, Samsung has a regular and established practice of business in this district, and Samsung has committed acts of infringement in this district.

**Factual Background**

AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL

3105027v1/013771

SUSMAN GODFREY LLP
560 LEXINGTON AVENUE, .15[TH]
NEW YORK, NEW YORK 10022-6828
TEL. (212) 336-8330

7.     Plaintiff Queen's University was established in 1841 in Kingston, Ontario and is one of Canada's oldest degree-granting institutions.  Today, Queen's University serves as one of Canada's top research universities.

8.     Dr. Roeland Vertegaal is a Professor in Human-Computer Interaction at Queen's University, where he directs the Human Media Laboratory at the School of Computing.  Dr. Vertegaal has earned a degree in Electronic Music from Utrecht Conservatory in the Netherlands, a Masters of Philosophy in Computer Science from Bradford University in England, and a PhD in Human-Computer Interaction from Twente University in the Netherlands.

9.     Dr. Vertegaal's primary field of research includes Attentive User Interfaces ("AUI") and the role of eye communication between humans and in interactions between humans and technology.

10.    Dr. Vertegaal is a named inventor of all three of the Patents-in-Suit. Queen's University is the assignee of the Patents-in-Suit.

11.    Plaintiff PARTEQ was founded in 1987 by Queen's University to commercialize intellectual property arising from university-generated research, while returning the proceeds from those activities to researchers and Queen's University.  PARTEQ is a not-for-profit organization that provides institutional researchers with the support necessary to advance their discoveries to the public.  PARTEQ is the exclusive licensee of the Patents-in-Suit.

12.    Defendant SEC designs and manufactures a wide range of consumer electronics and computer-related products, including cellular telephones and tablet devices such as the Galaxy S4 and Galaxy Note 3. Defendant STA, a wholly owned subsidiary of SEC, engages in the sale of communication equipment.  STA develops and markets Samsung-branded handheld

3

AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL

3105027v1/013771

SUSMAN GODFREY LLP
560 LEXINGTON AVENUE, .15TH
NEW YORK, NEW YORK 10022-6828
TEL. (212) 336-8330

wireless phones throughout North America. SEC and its subsidiaries conduct research and development through a corporate division called the Samsung Advanced Institute of Technology ("SAIT"), which also manages SEC's entire United States patent portfolio.

13. From October 2003 to April 2004, PARTEQ and Samsung—through SAIT—engaged in extensive communications and disclosures regarding Dr. Vertegaal's research and the related technology, which were contained in a patent application filed March 21, 2003. Samsung was aware of the 2003 patent application, and the parties had discussions regarding the application itself. During these discussions, SAIT was explicit about Samsung's interest in the commercial development, marketability, and application of Dr. Vertegaal's intellectual property within Samsung's electronics products.

14. On November 13, 2003, SAIT employee Taesuh Park contacted Dr. Vertegaal and requested a meeting on behalf of Samsung at the Queen's University Human Media Lab. Mr. Park specifically expressed Samsung's interest in commercializing Dr. Vertegaal's AUI that is the subject of the Patents-in-Suit.

15. On December 15, 2003, SEC signed a Confidentiality Agreement with PARTEQ. The agreement broadly covered the AUI research and technology developed by Dr. Vertegaal and the students and employees of the Human Media Lab.

16. On December 17 and 18, 2003, SAIT employees Dr. Heeseob Ryu and Taesuh Park visited the Human Media Lab and PARTEQ on behalf of Samsung. Dr. Ryu and Mr. Park toured Dr. Vertegaal's laboratory and viewed technical demonstrations and presentations related to the Patents-in-Suit.

17. Following the visit, PARTEQ sent Samsung—through SAIT— additional detailed

4

AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL

3105027v1/013771

SUSMAN GODFREY LLP
560 LEXINGTON AVENUE, .15TH
NEW YORK, NEW YORK 10022-6828
TEL. (212) 336-8330

information related to Dr. Vertegaal's research and the Patents-in-Suit.

18. On or about January 6, 2004, Mr. Park invited Dr. Vertegaal to participate in SAIT's New Innovation Team (NIT) program, which Mr. Park called "the most enhanced type of collaboration" between Samsung and outside researchers. Mr. Park solicited a proposal that would include existing uses of the AUI in addition to new applications of the technology, all geared to the business area of Samsung Electronics. In the alternative, Mr. Park proposed "a project for commercializing your current patent (e.g., 'Attentive TV')."

19. During January and February 2004, Samsung and PARTEQ discussed issues related to PARTEQ's ownership of intellectual property rights in the then-pending patent application, including the validity and scope of the applied-for patent. During the course of these discussions, PARTEQ responded to Samsung's questions about the validity of the applied-for patent and answered specific queries regarding the application's claims. The parties also discussed possibilities related to the sale or licensing of the Patents-in-Suit.

20. On or about January 20, 2004, Dr. Vertegaal submitted his NIT proposal to Samsung through SAIT. The proposal included an attentive home theater system that could pause video content and perform other functions by processing a user's eye-contact cues. The proposal also enumerated mobile applications of the patented technology.

21. Samsung responded to Dr. Vertegaal's submission by stating that the proposed project was not "appropriate" for Samsung's NIT program. Instead, Samsung offered a one-year collaboration for Dr. Vertegaal to develop the attentive home theater application with SAIT. However, Samsung later reversed course and informed Dr. Vertegaal and PARTEQ that Samsung and SAIT were not interested in pursuing the project.

5

AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL

SUSMAN GODFREY LLP
560 LEXINGTON AVENUE, .15[TH]
NEW YORK, NEW YORK 10022-6828
TEL. (212) 336-8330

3105027v1/013771

22.     In March 2013, Samsung unveiled its Galaxy S4 smartphone, which featured what Samsung calls "SmartPause technology." In or about October 2013, Samsung included this technology in its Galaxy Note 3 device. As described below, the SmartPause feature infringes the Patents-in-Suit.

23.     Despite its indisputable knowledge of Plaintiffs' patents and the technology described therein, Samsung has not purchased or licensed any rights to the intellectual property protected by the Patents-in-Suit.

24.     Samsung products implementing the infringing technology are used, offered for sale, and sold in this district and throughout the United States and imported into the United States.

### Count 1 – Infringement of U.S. Patent No. 7,762,665

25.     Plaintiffs reallege and incorporate by reference paragraphs 1-24.

26.     On July 27, 2010, United States Patent No. 7,762,665 ("the '665 Patent"), was duly and legally issued for an invention entitled "Method and Apparatus for Communication Between Humans and Devices." Plaintiff Queen's University was assigned the '665 Patent, and, along with Plaintiff PARTEQ as the exclusive licensee, continues to hold all rights and interest in the '665 Patent. A true and correct copy of the '665 Patent is attached hereto as Exhibit A.

27.     On information and belief, Samsung has infringed and continues to infringe one or more claims of the '665 patent by its manufacture, use, sale, importation, offer to sell, and/or active inducement of others to sell or use in an infringing manner, at least cell phones and other products that infringe one or more claims of the '665 Patent, including but not limited to the Samsung Galaxy S4 and Samsung Galaxy Note 3, which practice processes that infringe on one

6

AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL

SUSMAN GODFREY LLP
560 LEXINGTON AVENUE, .15TH
NEW YORK, NEW YORK 10022-6828
TEL. (212) 336-8330

3105027v1/013771

or more claims of the '665 Patent. Samsung is liable for its infringement of the '665 Patent under 35 U.S.C. § 271.

28. Samsung's acts of infringement have caused damage to Plaintiffs, and Plaintiffs are entitled to recover from Samsung the damages sustained by Plaintiffs as a result of Samsung's wrongful acts in an amount subject to proof at trial. Samsung's infringement of Plaintiffs' exclusive rights under the '665 Patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

29. Plaintiffs are informed and believe, and on that basis allege, that Samsung has had communications and contact with Plaintiffs and are fully aware of Plaintiffs' relevant technology including the '665 Patent; that Samsung has proceeded to infringe the '665 Patent with full and complete knowledge of the patent and its applicability to their products without any attempt to take a license under the '665 Patent and without a good faith belief that the '665 Patent is invalid or not infringed, and thus Samsung's infringement of the '665 Patent is willful and deliberate, entitling Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**Count 2 – Infringement of U.S. Patent No. 8,096,660**

30. Plaintiffs reallege and incorporate by reference paragraphs 1-24.

31. On January 17, 2012, United States Patent No. 8,096,660 ("the '660 Patent") was duly and legally issued for an invention entitled "Method and Apparatus for Communication Between Humans and Devices." Plaintiff Queen's University was assigned the '660 Patent, and, along with Plaintiff PARTEQ as the exclusive licensee, continues to hold all rights and interest in the '660 Patent. A true and correct copy of the '660 Patent is attached hereto as Exhibit B.

AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL

SUSMAN GODFREY LLP
560 LEXINGTON AVENUE, .15TH
NEW YORK, NEW YORK 10022-6828
TEL. (212) 336-8330

3105027v1/013771

32. On information and belief, Samsung has infringed and continues to infringe one or more claims of the '660 patent by its manufacture, use, sale, importation, offer to sell, and/or active inducement of others to sell or use in an infringing manner, at least cell phones and other products that infringe one or more claims of the '660 Patent, including but not limited to the Samsung Galaxy S4 and Samsung Galaxy Note 3.

33. Samsung's acts of infringement have caused damage to Plaintiffs, and Plaintiffs are entitled to recover from Samsung the damages sustained by Plaintiffs as a result of Samsung's wrongful acts in an amount subject to proof at trial. Samsung's infringement of Plaintiffs' exclusive rights under the '660 Patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

34. Plaintiffs are informed and believe, and on that basis allege, that Samsung has had communications and contact with Plaintiffs and are fully aware of Plaintiffs' relevant technology including the '660 Patent; that Samsung has proceeded to infringe the '660 Patent with full and complete knowledge of the patent and its applicability to their products without any attempt to take a license under the '660 Patent and without a good faith belief that the '660 Patent is invalid or not infringed, and thus Samsung's infringement of the '660 Patent is willful and deliberate, entitling Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### Count 3 – Infringement of U.S. Patent No. 8,322,856

35. Plaintiffs reallege and incorporate by reference paragraphs 1-24.

36. On December 4, 2012, United States Patent No. 8,322,856 ("the '856 Patent") was duly and legally issued for an invention entitled "Method and Apparatus for Communication

8

AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL

SUSMAN GODFREY LLP
560 LEXINGTON AVENUE, .15TH
NEW YORK, NEW YORK 10022-6828
TEL. (212) 336-8330

3105027v1/013771

Between Humans and Devices." Plaintiff Queen's University was assigned the '856 Patent, and, along with Plaintiff PARTEQ as the exclusive licensee, continues to hold all rights and interest in the '856 Patent. A true and correct copy of the '856 Patent is attached hereto as Exhibit C.

37. On information and belief, Samsung has infringed and continues to infringe one or more claims of the '856 Patent by its manufacture, use, sale, importation, offer to sell, and/or active inducement of others to sell or use in an infringing manner, at least cell phones and other products that infringe one or more claims of the '856 Patent, including but not limited to the Samsung Galaxy S4 and Samsung Galaxy Note 3.

38. Samsung's acts of infringement have caused damage to Plaintiffs, and Plaintiffs are entitled to recover from Samsung the damages sustained by Plaintiffs as a result of Samsung's wrongful acts in an amount subject to proof at trial. Samsung's infringement of Plaintiffs' exclusive rights under the '856 Patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

39. Plaintiffs are informed and believe, and on that basis allege, that Samsung has had communications and contact with Plaintiffs and are fully aware of Plaintiffs' relevant technology including the '856 Patent; that Samsung has proceeded to infringe the '856 Patent with full and complete knowledge of the patent and its applicability to their products without any attempt to take a license under the '856 Patent and without a good faith belief that the '856 Patent is invalid or not infringed, and thus Samsung's infringement of the '856 Patent is willful and deliberate, entitling Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**Count 4 – Infringement of U.S. Patent No. 8,672,482**

9

AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL

SUSMAN GODFREY LLP
560 LEXINGTON AVENUE, .15TH
NEW YORK, NEW YORK 10022-6828
TEL. (212) 336-8330

3105027v1/013771

40. Plaintiffs reallege and incorporate by reference paragraphs 1-24.

41. On March 18, 2014, United States Patent No. 8,672,482 ("the '482 Patent") was duly and legally issued for an invention entitled "Method and Apparatus for Communication Between Humans and Devices." Plaintiff Queen's University was assigned the '482 Patent, and, along with Plaintiff PARTEQ as the exclusive licensee, continues to hold all rights and interest in the '482 Patent. A true and correct copy of the '482 Patent is attached hereto as Exhibit D.

42. On information and belief, Samsung has infringed and continues to infringe one or more claims of the '482 Patent by its manufacture, use, sale, importation, offer to sell, and/or active inducement of others to sell or use in an infringing manner, at least cell phones and other products that infringe one or more claims of the '482 Patent, including but not limited to the Samsung Galaxy S4 and Samsung Galaxy Note 3.

43. Samsung's acts of infringement have caused damage to Plaintiffs, and Plaintiffs are entitled to recover from Samsung the damages sustained by Plaintiffs as a result of Samsung's wrongful acts in an amount subject to proof at trial. Samsung's infringement of Plaintiffs' exclusive rights under the '482 Patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

### Prayer for Relief

WHEREFORE, Plaintiffs Queen's University and PARTEQ request entry of judgment in their favor and against Defendants SEC and STA as follows:

a) Declaring that Defendants SEC and STA have infringed U.S. Patent Nos. 7,762,665; 8,096,660; 8,322,856; and 8,672,482.

b) Permanently enjoining Defendants SEC and STA and their respective officers,

AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL

3105027v1/013771

SUSMAN GODFREY LLP
560 LEXINGTON AVENUE, .15TH
NEW YORK, NEW YORK 10022-6828
TEL. (212) 336-8330

agents, employees, and those acting in privity with them, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent Nos. 7,762,665; 8,096,660; 8,322,856; and 8,672,482 or in the alternative, awarding a post-judgment royalty for post-judgment infringement;

    c) Declaring that Defendants SEC's and STA's infringement U.S. Patent Nos. 7,762,665; 8,096,660; and 8,322,856 has been willful and deliberate.

    d) Awarding damages arising out of Defendants SEC's and STA's infringement of U.S. Patent Nos. 7,762,665; 8,096,660; 8,322,856; and 8,672,482 including enhanced damages pursuant to 35 U.S.C. § 284, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

    e) Awarding attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

    f) Awarding such other costs and further relief as the Court may deem just and proper.

## Jury Demand

Plaintiffs request a trial by jury.

Dated: March 21, 2014

                              Respectfully submitted,

                              */s/ Bill Carmody*
                              Bill Carmody (Lead Attorney)
                              State Bar No. 03823650
                              SUSMAN GODFREY LLP

11

AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL

SUSMAN GODFREY LLP
560 LEXINGTON AVENUE, .15TH
NEW YORK, NEW YORK 10022-6828
TEL. (212) 336-8330

3105027v1/013771

560 Lexington Avenue, 15th Floor
New York, New York 10022-6828
Telephone: (212) 336-8330
Fax: (212) 336-8340

Ian Crosby
WA State Bar No. 28461
Kristin Malone
WA State Bar No. 46251
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Fax: (206) 516-3883


David Peterson
State Bar No. 24056123
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 653-7873
Fax: (713) 654-6666


*Counsel for Plaintiffs Queen's University at Kingston and PARTEQ Innovations*

12

AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL

SUSMAN GODFREY LLP
560 LEXINGTON AVENUE, .15TH
NEW YORK, NEW YORK 10022-6828
TEL. (212) 336-8330

3105027v1/013771

## CERTIFICATE OF SERVICE

I certify that on March 21, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED: March 21, 2014

/s/ Kristin Malone

13

AMENDED COMPLAINT
FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL

SUSMAN GODFREY LLP
560 LEXINGTON AVENUE, .15TH
NEW YORK, NEW YORK 10022-6828
TEL. (212) 336-8330

3105027v1/013771