**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **Queen's University at Kingston and PARTEQ Research and Development Innovations,** | |
| Plaintiffs, | Civil Action No. 2:14-cv-00053-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| **Samsung Electronics Co., Ltd. and Samsung Telecommunications America, LLC,** | |
| Defendants. | |

**SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Telecommunications America, LLC ("STA") (collectively, "Samsung") by and through their undersigned counsel, hereby respond to Plaintiffs Queen's University at Kingston ("Queen's University") and PARTEQ Research and Development Innovations ("PARTEQ") (together, "Plaintiffs"), Second Amended Complaint for Patent Infringement ("Complaint"). Samsung denies the allegations and characterizations in the Complaint, unless expressly admitted in the following paragraphs. Samsung's specific responses to the numbered allegations are set forth below.

**PARTIES**

1. Paragraph 1 of the Complaint does not require a response by Samsung. To the extent that Paragraph 1 is deemed to require a response, Samsung lacks knowledge or

information sufficient to confirm or deny the allegations of Paragraph 1 and, therefore, denies the same.

2. Paragraph 2 of the Complaint does not require a response by Samsung. To the extent that Paragraph 2 is deemed to require a response, Samsung lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 2 and, therefore, denies the same.

3. Samsung admits that SEC is a Korean corporation with a principal place of business located at 129 Samsung-ro, Yeongtong-ru, Suwon-si, Gyeonggi-do 443-742, Republic of Korea. STA admits it is a limited liability company formed under the laws of the state of Delaware with a principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082.

4. Paragraph 4 of the Complaint does not require a response by Samsung.

## JURISDICTION AND VENUE

5. Samsung admits that the Complaint purports to be an action under the patent laws of Title 35 of the United States Code. Samsung admits that this Court has subject matter jurisdiction over the allegations as pled under 28 U.S.C. §§ 1331 and 1338(a). Samsung denies committing any acts of infringement, or that Plaintiffs are entitled to the relief sought.

6. Samsung admits that venue is proper for purposes of this action only, but denies that venue is convenient. Samsung denies committing any acts of infringement in this District or elsewhere.

## FACTUAL BACKGROUND

7. Samsung lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 7 and, therefore, denies the same.

8. Samsung lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 8 and, therefore, denies the same.

9. Samsung lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 9 and, therefore, denies the same.

10. Samsung admits that Dr. Vertegaal is named as an inventor on faces U.S. Patent Nos. 7,762,665; 8,096,660; 8,322,856; and 8,672,482 (collectively "the Patents-in-Suit"). Samsung admits that the faces of the Patents-in-Suit purport to designate Queen's University as the original assignee. Samsung lacks knowledge or information sufficient to confirm or deny the remaining allegations of Paragraph 10 and, therefore, denies the same.

11. Samsung lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 11 and, therefore, denies the same.

12. SEC admits that it designs and manufactures certain consumer electronics. SEC admits that these electronics include certain cellular telephones and tablet devices with the marketing names Galaxy S4, Galaxy S5, and Galaxy Note 3. Samsung admits that STA is a wholly owned subsidiary of SEC.  STA admits it is a subsidiary of SEC.  STA admits it develops, imports, markets, offers for sale, and sells certain Samsung-branded cellular telephones and tablet devices in the United States.  Samsung denies the remaining allegations of Paragraph 12.

13. Samsung's investigation continues and Samsung currently lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 13 and, therefore, denies the same.

14. Samsung's investigation continues and Samsung currently lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 14 and, therefore, denies the same.

15. Samsung's investigation continues and Samsung currently lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 15 and, therefore, denies the same.

16. Samsung's investigation continues and Samsung currently lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 16 and, therefore, denies the same.

17. Samsung's investigation continues and Samsung currently lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 17 and, therefore, denies the same.

18. Samsung's investigation continues and Samsung currently lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 18 and, therefore, denies the same.

19. Samsung's investigation continues and Samsung currently lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 19 and, therefore, denies the same.

20. Samsung's investigation continues and Samsung currently lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 20 and, therefore, denies the same.

21. Samsung's investigation continues and Samsung currently lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 21 and, therefore, denies the same.

22. Samsung admits that the Galaxy S4, the Samsung Galaxy Note 3, and the Samsung Galaxy S5 have a feature called "SmartPause." The Galaxy S4 and Galaxy Note 3 were

available in the United States in 2013 and the Galaxy S5 in 2014. Samsung denies the remaining allegations in Paragraph 22 of the Complaint.

23. Samsung's investigation continues and Samsung currently lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 23 and, therefore, denies the same.

24. STA admits that it imports and sells cellular telephone and tablet devices in the United States. Samsung denies the remaining allegations in Paragraph 24 of the Complaint.

### COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 7,762,665

25. Samsung restates and incorporates by reference the responses contained in the foregoing paragraphs, as if fully set forth herein.

26. Samsung admits that the face of U.S. Patent No. 7,762,665 ("the '665 Patent") bears the title "Method and Apparatus for Communication Between Humans and Devices" and an issue date of July 27, 2010. Samsung admits that the face of the '665 Patent lists Queen's University as the original assignee. Samsung admits that it appears that a copy of the '665 Patent was attached to the Complaint as Exhibit A. Samsung lacks knowledge or information sufficient to confirm or deny the remaining allegations of Paragraph 26 and, therefore, denies the same.

27. Denied.

28. Denied.

29. Denied.

### COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 8,096,660

30. Samsung restates and incorporates by reference the responses contained in the foregoing paragraphs, as if fully set forth herein.

31. Samsung admits that the face of U.S. Patent No. 8,096,660 ("the '660 Patent") bears the title "Method and Apparatus for Communication Between Humans and Devices" and issue date of January 17, 2012. Samsung admits that the face of the '660 Patent lists Queen's University as the original assignee. Samsung admits that it appears that a copy of the '660 Patent was attached to the Complaint as Exhibit B. Samsung lacks knowledge or information sufficient to confirm or deny the remaining allegations of Paragraph 31 and, therefore, denies the same.

32. Denied.

33. Denied.

34. Denied.

## COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 8,322,856

35. Samsung restates and incorporates by reference the responses contained in the foregoing paragraphs, as if fully set forth herein.

36. Samsung admits that the face of U.S. Patent No. 8,322,856 ("the '856 Patent") bears the title "Method and Apparatus for Communication Between Humans and Devices" and an issue date of December 4, 2012. Samsung admits that the face of the '856 Patent lists Queen's University as the original assignee. Samsung denies that a true and correct copy of the '856 Patent was attached to the Complaint as Exhibit C. Samsung lacks knowledge or information sufficient to confirm or deny the remaining allegations of Paragraph 36 and, therefore, denies the same.

37. Denied.

38. Denied.

39. Denied.

## COUNT 4 – INFRINGEMENT OF U.S. PATENT NO. 8,672,482

40. Samsung restates and incorporates by reference the responses contained in the foregoing paragraphs, as if fully set forth herein.

41. Samsung admits that the face of U.S. Patent No. 8,672,482 ("the '482 Patent") bears the title "Method and Apparatus for Communication Between Humans and Devices" and issue date of March 18, 2014. Samsung admits that the face of the '482 Patent lists Queen's University as the original assignee. Samsung admits that it appears that a copy of the '482 Patent was attached to the Complaint as Exhibit D. Samsung lacks knowledge or information sufficient to confirm or deny the remaining allegations of Paragraph 41 and, therefore, denies the same.

42. Denied.

43. Denied.

## PRAYER FOR RELIEF

Samsung denies that Plaintiffs are entitled to any of the requested relief and denies any and all allegations contained within the Prayer for Relief of the Complaint.

## JURY DEMAND

Plaintiffs' request for a jury trial does not require a response by Samsung. Samsung also requests a jury trial of all issues triable to a jury in this action.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, Samsung contends and asserts the following affirmative and other defenses in response to the allegations in the Complaint. By asserting these affirmative defenses, Samsung does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. In addition to the affirmative and other defenses described below, and subject to the responses above, Samsung intends to conduct discovery and

7

specifically reserves all rights to assert additional affirmative and other defenses, including inequitable conduct, consistent with the facts that become known through the course of discovery or otherwise.

### FIRST DEFENSE
### NON-INFRINGEMENT OF '665 PATENT

1. Samsung has not infringed and does not infringe (either directly, contributorily, by inducement, literally, or under the doctrine of equivalents) any valid and enforceable claim of the '665 Patent under any theory of infringement.

### SECOND DEFENSE
### INVALIDITY OF THE '665 PATENT

2. The '665 Patent is invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

### THIRD DEFENSE
### NON-INFRINGEMENT OF THE '660 PATENT

3. Samsung has not infringed and does not infringe (either directly, contributorily, by inducement, literally, or under the doctrine of equivalents) any valid and enforceable claim of the '660 Patent under any theory of infringement.

### FOURTH DEFENSE
### INVALIDITY OF THE '660 PATENT

4. The '660 Patent is invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

**FIFTH DEFENSE**
**NON-INFRINGEMENT OF THE '856 PATENT**

5. Samsung has not infringed and does not infringe (either directly, contributorily, by inducement, literally, or under the doctrine of equivalents) any valid and enforceable claim of the '856 Patent under any theory of infringement.

**SIXTH DEFENSE**
**INVALIDITY OF THE '856 PATENT**

6. The '856 Patent is invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

**SEVENTH DEFENSE**
**NON-INFRINGEMENT OF THE '482 PATENT**

7. Samsung has not infringed and does not infringe (either directly, contributorily, by inducement, literally, or under the doctrine of equivalents) any valid and enforceable claim of the '482 Patent under any theory of infringement.

**EIGHTH DEFENSE**
**INVALIDITY OF THE '482 PATENT**

8. The '482 Patent is invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

**NINTH DEFENSE**
**LIMITATION ON LIABILITY FOR INDIRECT INFRINGEMENT**

9. To the extent that Plaintiffs assert that Samsung indirectly infringes the Patents-in-Suit, either by contributory infringement or inducement of infringement, Samsung is not liable to Plaintiffs for the acts alleged to have been performed before Samsung had knowledge of the claims of the Patents-in-Suit and/or could form the intent to cause infringement.

**TENTH DEFENSE**
**PROSECUTION HISTORY ESTOPPEL**

10. By reason of the prior art and/or statements and representations made to the U.S. Patent and Trademark Office during prosecution of the application that led to the issuance of the Patents-in-Suit, their claims are so limited that they cannot properly be construed as covering any activity or product of Samsung.

**ELEVENTH DEFENSE**
**EQUITABLE DEFENSES**

11. Plaintiffs' claims for relief are barred or limited in whole or in part by equitable defenses, including laches, waiver, estoppel, implied license, and/or unclean hands.

**TWELFTH DEFENSE**
**LIMITATIONS ON DAMAGES**

12. Plaintiffs are barred in whole or in part from recovering damages under 35 U.S.C. § 287.

**THIRTEENTH DEFENSE**
**NO INJUNCTIVE RELIEF**

13. Plaintiffs' claims for injunctive relief are barred because there exists an adequate remedy at law for Plaintiffs' allegations, and Plaintiffs' claims otherwise fail to meet the requirements for such relief.

**FOURTEENTH DEFENSE**
**LIMITATION ON COSTS**

14. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## FIFTEENTH DEFENSE
## NOT AN EXCEPTIONAL CASE

15.     Plaintiff is not entitled to a finding that this case is exceptional or to attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

## SIXTEENTH DEFENSE
## STANDING

16.     On information and belief, Plaintiffs lack standing to assert the allegations contained in the Complaint.

## SEVENTEENTH DEFENSE
## FAILURE TO STATE A CLAIM

17.     The Complaint fails to state a claim upon which any relief may be granted against Samsung.

## COUNTERCLAIMS

## THE PARTIES

1.     Samsung Electronics Co., Ltd. ("SEC") is a Korean corporation with a principal place of business located at 129 Samsung-ro, Yeongtong-ru, Suwon-si, Gyeonggi-do 443-742, Republic of Korea.

2.     Samsung Telecommunications America, LLC ("STA") is a Delaware limited liability company with a principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082.

3.     On information and belief, Queen's University appears to have a principal place of business located at 99 University Avenue, Kingston, Ontario, Canada K7L 3N6.

4.     On information and belief, PARTEQ Research and Development Innovations ("PARTEQ") appears to have a principal place of business located at 1625 Biosciences Complex, Queen's University, Kingston, Ontario, Canada K7L 3N6.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to claims arising under the patent laws, 35 U.S.C. §§ 101, *et seq.*, and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*

6. This Court has personal jurisdiction over Plaintiffs, which have availed themselves of this Court by making claims of alleged infringement of U.S. Patent Nos. 7,762,665 (the "'665 Patent"), 8,096,660 (the "'660 Patent), 8,322,856 (the "'856 Patent"), and 8,672,482 (the "'482 Patent") (collectively, the "Patents-in-Suit").

**FACTUAL BACKGROUND**

7. In its Complaint, Plaintiffs assert that SEC and STA (together, "Samsung") have infringed the Patents-in-Suit.

8. Samsung has not infringed and does not infringe any of the Patents-in-Suit under any theory of infringement.

9. The Patents-in-Suit are invalid and unenforceable.

10. Consequently, there is an actual case or controversy between Plaintiffs and Samsung over the non-infringement, invalidity, and unenforceability of the Patents-in-Suit.

**COUNT 1 - NON-INFRINGEMENT OF THE '665 PATENT**

11. Samsung restates and incorporates herein by reference the responses and allegations contained within the preceding paragraphs, as if fully set forth herein.

12. An actual case or controversy exists between Plaintiffs and Samsung as to whether Samsung has infringed or does infringe the '665 Patent.

13. A judicial declaration is necessary and appropriate so that Samsung may ascertain its rights regarding the '665 Patent.

14. Samsung has not infringed and does not infringe, under any theory of infringement, any valid and enforceable claim of the '665 Patent.

15. Samsung, therefore, seeks a judicial declaration that it has not infringed and does not infringe the '665 Patent.

### COUNT 2 - INVALIDITY OF THE '665 PATENT

16. Samsung restates and incorporates herein by reference the responses and allegations contained within the preceding paragraphs, as if fully set forth herein.

17. An actual case or controversy exists between Plaintiffs and Samsung as to whether the '665 Patent is invalid.

18. A judicial declaration is necessary and appropriate so that Samsung may ascertain its rights regarding the '665 Patent.

19. The '665 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of 35 U.S.C. §§ 101, *et seq.*, including but not limited to §§ 102, 103, and/or 112.

20. Samsung therefore seeks a judicial declaration that the '665 Patent is invalid.

### COUNT 3 - NON-INFRINGEMENT OF THE '660 PATENT

21. Samsung restates and incorporates herein by reference the responses and allegations contained within the preceding paragraphs, as if fully set forth herein.

22. An actual case or controversy exists between Plaintiffs and Samsung as to whether Samsung has infringed or does infringe the '660 Patent.

23. A judicial declaration is necessary and appropriate so that Samsung may ascertain its rights regarding the '660 Patent.

24. Samsung has not infringed and does not infringe, under any theory of infringement, any valid and enforceable claim of the '660 Patent.

25. Samsung, therefore, seeks a judicial declaration that it has not infringed and does not infringe the '660 Patent.

## COUNT 4 - INVALIDITY OF THE '660 PATENT

26. Samsung restates and incorporates herein by reference the responses and allegations contained within the preceding paragraphs, as if fully set forth herein.

27. An actual case or controversy exists between Plaintiffs and Samsung as to whether the '660 Patent is invalid.

28. A judicial declaration is necessary and appropriate so that Samsung may ascertain its rights regarding the '660 Patent.

29. The '660 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of 35 U.S.C. §§ 101, *et seq.*, including but not limited to §§ 102, 103, and/or 112.

30. Samsung therefore seeks a judicial declaration that the '660 Patent is invalid.

## COUNT 5 - NON-INFRINGEMENT OF THE '856 PATENT

31. Samsung restates and incorporates herein by reference the responses and allegations contained within the preceding paragraphs, as if fully set forth herein.

32. An actual case or controversy exists between Plaintiffs and Samsung as to whether Samsung has infringed or does infringe the '856 Patent.

33. A judicial declaration is necessary and appropriate so that Samsung may ascertain its rights regarding the '856 Patent.

34. Samsung has not infringed and does not infringe, under any theory of infringement, any valid and enforceable claim of the '856 Patent.

35. Samsung, therefore, seeks a judicial declaration that it has not infringed and does not infringe the '856 Patent.

### COUNT 6 - INVALIDITY OF THE '856 PATENT

36. Samsung restates and incorporates herein by reference the responses and allegations contained within the preceding paragraphs, as if fully set forth herein.

37. An actual case or controversy exists between Plaintiffs and Samsung as to whether the '856 Patent is invalid.

38. A judicial declaration is necessary and appropriate so that Samsung may ascertain its rights regarding the '856 Patent.

39. The '856 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of 35 U.S.C. §§ 101, *et seq.*, including but not limited to §§ 102, 103, and/or 112.

40. Samsung therefore seeks a judicial declaration that the '856 Patent is invalid.

### COUNT 7 - NON-INFRINGEMENT OF THE '482 PATENT

41. Samsung restates and incorporates herein by reference the responses and allegations contained within the preceding paragraphs, as if fully set forth herein.

42. An actual case or controversy exists between Plaintiffs and Samsung as to whether Samsung has infringed or does infringe the '482 Patent.

43. A judicial declaration is necessary and appropriate so that Samsung may ascertain its rights regarding the '482 Patent.

44. Samsung has not infringed and does not infringe, under any theory of infringement, any valid and enforceable claim of the '482 Patent.

45. Samsung, therefore, seeks a judicial declaration that it has not infringed and does not infringe the '482 Patent.

### COUNT 8 - INVALIDITY OF THE '482 PATENT

46. Samsung restates and incorporates herein by reference the responses and allegations contained within the preceding paragraphs, as if fully set forth herein.

47. An actual case or controversy exists between Plaintiffs and Samsung as to whether the '482 Patent is invalid.

48. A judicial declaration is necessary and appropriate so that Samsung may ascertain its rights regarding the '482 Patent.

49. The '482 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of 35 U.S.C. §§ 101, *et seq.*, including but not limited to §§ 102, 103, and/or 112.

50. Samsung therefore seeks a judicial declaration that the '482 Patent is invalid.

### PRAYER FOR RELIEF

Wherefore, Samsung prays for judgment as follows:

A. A declaration that Samsung has not infringed and does not infringe any valid or enforceable claim of the Patents-in-Suit, under any theory of infringement;

B. A declaration that the Patents-in-Suit are invalid;

C. A declaration that Plaintiffs take nothing by its Complaint;

D. A declaration enjoining Plaintiffs, their agents, servants, employees, and/or attorneys from initiating or continuing infringement litigation, from otherwise participating or

assisting in infringement litigation, and from threatening Samsung, or any of its customers, dealers, agents, servants, or employees with infringement litigation, or charging any of them either verbally or in writing with infringement of the Patents-in-Suit;

 F. Dismissal of the Complaint with prejudice;

 G. A declaration that this action is exceptional and an award to Samsung of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

 H. A judgment limiting or barring Plaintiffs' ability to enforce the Patents-in-Suit in equity; and

 I. Any further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Samsung respectfully requests a trial by jury on all issues so triable.

Respectfully submitted,

Date: June 11, 2014

 */s/ Cono A. Carrano*
Cono Carrano (Lead Attorney)
(District of Columbia Bar No. 445995)
ccarrano@akingump.com
Jin-Suk Park
(District of Columbia Bar No. 484378)
jspark@akingump.com
Ashraf A. Fawzy
(District of Columbia Bar No. 989132)
afawzy@akingump.com
Romeao Jennings
(District of Columbia Bar No. 1001710)
rjennings@akingump.com
Patrick Reidy
(Illinois State Bar No. 6313802)
preidy@akingump.com
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave NW
Washington, DC 20036

        Telephone: (202) 887-4000
        Facsimile: (202) 887-4288

        Charles Everingham IV
        (Texas State Bar No. 00787447)
        Akin Gump Strauss Hauer & Feld LLP
        911 West Loop 281, Suite 412
        Longview, TX 75604
        Telephone: (903) 297-7404
        Facsimile: (903) 287-7402

        *Attorneys for Defendants Samsung Electronics Co.*
        *Ltd. and Samsung Telecommunications America,*
        *LLC.*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, Samsung Electronics Co. Ltd. and Samsung Telecommunications America, LLC's Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint was served on all counsel who have consented to electronic service per Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(c), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 11th day of June, 2014.

                                            */s/ Cono A. Carrano*
                                            Cono A. Carrano