IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| QUEENS UNIVERSITY AT KINGSTON, ET AL. | § § § | |
| v. | § § | Case No. 2:14CV53-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., ET AL. | § § § | |

## ORDER GRANTING MOTION TO STAY

Before the Court is Defendants' Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively, Samsung") Emergency Motion to Stay Proceedings Pending Resolution of Plaintiffs' Petition for Writ of Mandamus (Dkt. No. 189, "Motion to Stay"). For the following reasons, Samsung's Motion to Stay is **GRANTED**.

## BACKGROUND

On June 17, 2015, the Court held a hearing on Defendants' Motion to Compel Documents, Interrogatory Responses and 30(b)(6) Testimony from Plaintiffs (Dkt. No. 134, "Motion to Compel"). After hearing oral argument on the same, the Court granted-in-part Defendants' Motion to Compel, and ordered Plaintiffs to produce certain documents. (*See* Dkt. No. 149, Minute Entry for June 17, 2015 Hearing) ("Defendants' Motion to Compel (Dkt. No. 134) is granted in part to the extent that documents containing communications between plaintiff and its non-attorney patent agents are not subject to the attorney-client privilege for the reasons assigned at the hearings."). The Court ordered a one-week stay to allow Plaintiffs to file any appeals. (*Id*.)

Upon receiving the Court's order to produce these documents, rather than producing the documents in compliance with the order, Plaintiffs filed a petition for Writ of Mandamus with

the United States Court of Appeals for the Federal Circuit. (Dkt. No. 187.) In its petition, Plaintiffs seek relief from the Court's directive to produce these documents. Although the Court denied Plaintiffs' earlier requests to certify an interlocutory appeal (Dkt. Nos. 174, 175, 176, and 177), the Court elected to stay Plaintiffs' production "pending disposition of the petition or other order of the Court of Appeals." (Dkt. No. 179) That production remains stayed pending resolution by the Federal Circuit. A failure to stay the production would have forced the Circuit to consider an emergency motion to stay. Plaintiffs knew that their decision to forego compliance with the discovery order endangered the trial date.

Thereafter, on July 31, 2015, Samsung filed a notice regarding the PTAB's recent institution of *Inter Partes* Review proceedings of all claims of two of the four asserted patents in this case. (Dkt. No. 194) On August 10, 2015, Samsung filed a second notice regarding the PTAB's recent institution of proceedings on all claims of the two remaining asserted patents in this case. (Dkt. No. 197) Based on Samsung's representations through these notices, the Court observes that all asserted claims from all asserted patents in the instant matter are presently under IPR review. Given Samsung's pending instant motion for a stay, the Court *sua sponte* ordered the parties to set forth in supplemental briefing arguments as to how, if at all, the IPR institutions affect Samsung's pending Motion to Stay. (Dkt. No. 199) Given the stay of Plaintiffs' production obligations in light of their petition for writ, and further in view of the pending IPR proceedings that have been instituted as to all asserted claims (Dkt. Nos. 194, 197), the Court hereby **STAYS** the instant matter until the later of the Federal Circuit's resolution of Plaintiffs' writ, or the PTAB's final adjudication in all instituted IPR proceedings.

## ANALYSIS

This Court has the inherent authority to manage its docket, including the power to stay proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In deciding whether to stay litigation, courts usually consider three factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *See, e.g., Norman IP Holdings, LLC v. TP-Link Technologies, Co.*, No. 6:13-CV-384-JDL, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

### I. *Undue Prejudice or Presenting a Clear Tactical Disadvantage*

Regarding the first prong, the Court concludes no undue prejudice or clear tactical disadvantage would result from a stay. Rather, by withholding relevant documents, Plaintiffs present a clear tactical disadvantage to the Defendants, who would be otherwise forced to proceed with their defenses and in furtherance of their counterclaims without all relevant discovery at their disposal. (*See, e.g.*, Mot. at 7) ("Without a stay, Plaintiffs will have succeeded in shielding from discovery and trial documents likely relevant to validity, infringement, and perhaps the very enforceability of the asserted patents.") Accordingly, this factor weighs in favor of granting the stay.

## II. *Issue Simplification*

Regarding the second prong, the Court finds a stay will simplify the issues in question and trial of the case. First, regarding the mandamus, a stay will permit the Federal Circuit to resolve the dispute regarding the roughly 2,000 documents Defendants intend to use at trial. The Court ordered the production of those documents (Dkt. No. 149) and Plaintiffs have refused to comply. Rather, Plaintiffs seek the extraordinary relief of a mandamus order while simultaneously opposing a stay that would provide the necessary time to resolve the parties' dispute before moving the case forward.

Specifically, by refusing to comply with this Court's order, Plaintiffs have introduced uncertainty that can only be resolved through the Federal Circuit's final disposition of the matter. Once resolved, the issues will be both clarified and simplified alike. That is, once the issue is resolved, the Court expects to receive clear guidance as to how it should proceed. Moreover, the PTAB recently instituted IPR proceedings for all asserted patents and all asserted claims. (Dkt. Nos. 194, 197) Because all asserted claims are currently under review, and further because the full estoppel provisions under 35 U.S.C. § 315 will apply to all Defendants, the issues relating to invalidity will be simplified or eliminated entirely depending on the outcome of those proceedings. Accordingly, this weighs in favor of a stay as well.

## III. *Trial Date and Completion of Discovery*

Regarding the third and final prong, although the trial date has been set and the vast majority of discovery is complete in this case, Plaintiffs have potentially placed that trial date in jeopardy by refusing to comply with this Court's order. Without a stay, Plaintiffs ask Defendants to prepare for a trial without all the information the Court deemed necessary to proceed. This dynamic creates a potential and significant risk that may: (1) require additional or duplicative

discovery; (2) delay trial; or (3) require the Court to try the case again. Finally, although ordinarily Defendants' delay in seeking IPR review would weigh against granting a stay as to the instituted IPRs, given the uncertainty and delay Plaintiffs caused by failing to comply with this Court's Order, the Court finds this factor weighs in favor of a stay as well under these narrow circumstances.

Accordingly, this factor weighs in favor of a stay as well.

## CONCLUSION

For the foregoing reasons, and by finding all factors weighing in favor of a stay, the Court hereby **GRANTS** Samsung's Motion to Stay (Dkt. No. 189) and **STAYS** the case pending final disposition of the later of the mandamus proceeding or the PTAB's IPR proceedings.

The parties shall file a motion for entry of a status report to the Court within ten (10) days of the Federal Circuit's decision on Plaintiffs' writ and a motion for entry of a status report within ten days of the PTAB's final determination on the pending IPR proceedings.

**SIGNED this 27th day of August, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE